910 F.2d 1291
 31 Fed. R. Evid. Serv. 1
 James M. DARTEZ, Plaintiff-Appellee,
v.
OWENS-ILLINOIS, INC., et al., Defendants-Appellants.
Richard C. SMITH, Sr., Plaintiff-Appellee,
v.
OWENS-ILLINOIS, INC., et al., Defendants-Appellants.
William B. HARDY, Plaintiff-Appellee,
v.
OWENS-ILLINOIS, INC., et al., Defendants-Appellants.
Cecil OVERSTREET, Plaintiff-Appellee,
v.
OWENS-ILLINOIS, INC., et al., Defendants-Appellants.
John D. BURKE, Plaintiff-Appellee,
v.
OWENS-ILLINOIS, INC., et al., Defendants-Appellants.
 No. 89-2646.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 11, 1990.
 
 George T. Shipley, Baker & Botts, Houston, Tex., for Owens-Illinois, Inc.
 Jeffrey B. McClure, Donald J. Verplancken, Butler & Binion, Houston, Tex., for Celotex Corp.
 R. Lyn Stevens, Weller Whellus & Green, Beaumont, Tex., Thomas M. Peterson, Robert S. Daggett, Brobeck, Phleger & Harrison, San Francisco, Cal., for Fibreboard Corp.
 Frank Bean, Bean & Manning, Houston, Tex., for Eagle-Picher Industries, Inc.
 Robert E. Ballard, Kronzer, Abraham, Watkins, Nichols, Ballard & Friend, Lawrence Madeksho, Houston, Tex., for all plaintiffs-appellees.
 Appeal from the United States District Court for the Eastern District of Texas.
 Before POLITZ, JOLLY, and JONES, Circuit Judges.
 EDITH H. JONES, Circuit Judge:
 
 
 1
 James Dartez is before this court in his third attempt to uphold a favorable jury verdict on his claims of injury from asbestos exposure. Companion appellees Hardy, Smith, Overstreet and Burke appear before us a second time in the same predicament. The previous judgments against several asbestos manufacturers were reversed for errors in the admission of evidence. The present judgments are also tainted with evidentiary error. We reverse and remand yet again.
 
 I.
 
 2
 In a 1986 trial, these[1] plaintiffs introduced in evidence excerpts from appellate briefs filed by two of the defendants in separate declaratory judgment actions against their insurers to establish the existence of liability coverage for asbestos claims. The defendants objected to the introduction of the briefs on hearsay grounds, Fed.R.Evid. 802, but the district court admitted them as admissions of a party opponent. Fed.R.Evid. 801(d)(2). Following a jury verdict for plaintiffs, this court reversed, holding that appellate briefs are not properly regarded as admissions, and the court prejudicially erred in allowing their introduction. Hardy v. Johns-Manville Sales Corp., 851 F.2d 742 (5th Cir.1988).
 
 
 3
 On remand, the parties agreed to limit the trial to three jury issues: whether the plaintiffs were exposed to the defendants' products; whether such exposure was a producing cause of an asbestos-related disease; and damages. Undaunted by Hardy, plaintiffs offered as evidence excerpts from post-trial briefs filed by some of the defendants in 1985 in a case in California Superior Court. In the California case, the defendants were once again seeking to establish the existence of liability insurance coverage for potential asbestos claims. None of the plaintiffs in this case participated in the California case in any way. Filed at the close of one phase of a multi-phase trial, the briefs summarized the evidence which had been presented to that point. Just as had happened in Hardy, defendants objected to admission of the briefs as hearsay; plaintiffs characterized them as admissions of a party opponent. The district court agreed with plaintiffs and overruled the objection.
 
 
 4
 After a four-day trial, the jury awarded each plaintiff one million dollars for past damages and one million dollars for future damages. The court felt constrained to order 70% remittiturs, which, together with interest and other adjustments, resulted in judgments ranging from about $535,000 to $700,000.
 
 
 5
 Needless to say, the asbestos manufacturers contend that the district court abused its discretion by violating the rule of Hardy and admitting the post-trial briefs.[2] Because this issue is dispositive, we need not address appellants' challenge to the sufficiency of evidence of damages.
 
 II.
 
 6
 Absent highly unusual circumstances, appellate briefs filed in a different case "are not properly regarded as party admissions." Hardy, 851 F.2d at 746. That opinion acknowledged the general rule that, with some important exceptions, trial court pleadings of a party in one case may be admissible in a different case as evidentiary admissions of that party. Id. at 745; Fed.R.Evid. 801(d)(2). However, our court noted, there is no similar rule covering appellate briefs, because such briefs are distinguishable from trial court pleadings:
 
 
 7
 Trial court pleadings, at least to the extent that they are not hypothetical or in the alternative, generally constitute a statement by the pleader as to the occurrence of certain historical facts in the real world. However, appellate briefs, by their very nature, must confine themselves to making statements not about the facts as they unfolded in the real world, but about what the trial record shows. Cf. 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice p 228.02 [2.-1] at 28-8 (2d ed. 1987). Appellate briefs may not properly purport to be statements of what the real world facts are, but must rather be statements of what the trial record reflects. The distinction involved here is crucial.
 
 
 8
 Id. (emphasis in original). Because appellate briefs are restricted to the facts in the record, characterizing a brief's summary of record facts as an admission "is bound to be uncertain in the best of circumstances and dangerously misleading in most others." Id. In an appellate brief, a party is not free to give his own version of the "real world" facts, but must simply recite the facts as developed in the record. Since post-trial briefs are also restricted to record facts, the same concerns appertain in this case.
 
 
 9
 Plaintiffs argue that Hardy should not control this case for several reasons. First, they contend that this case involves the type of "highly unusual circumstances" which Hardy indicated might justify treating a brief as an admission. See Hardy, 851 F.2d at 746. They do not specify those unusual circumstances, nor are any apparent in the record. In a recent case, the First Circuit found "unusual circumstances" suggested by Hardy. Kassel v. Gannett Co., 875 F.2d 935, 952 & n. 17 (1st Cir.1989). There, however, the brief in question was written not by an attorney, but by the plaintiff himself, and the statements in the brief did not purport to be anything other than the plaintiff's own version of the real world facts. In contrast, the asbestos manufacturers' briefs were written by attorneys as summaries of evidence adduced at trial. There are no comparable "highly unusual circumstances" in this case.
 
 
 10
 Second, plaintiffs argue that Hardy constitutes an impermissible amendment of Rule 801(d)(2) and was therefore an incorrect decision. Both the law of the case doctrine, Knotts v. United States, 893 F.2d 758, 761 (5th Cir.1990), and the rule that one panel of this court cannot overrule an earlier decision of another panel, In re Bessent, 831 F.2d 82, 84 (5th Cir.1987), prevent us from considering this contention.[3]
 
 
 11
 Plaintiffs next attempt to rely on the general rule allowing the use of pleadings filed by a party in a different case as admissions. This argument fails for several reasons. A post-trial brief is not a "pleading." See, e.g., Taylor v. Allis-Chalmers Manufacturing Co., 320 F.Supp. 1381, 1385 (E.D.Pa.1969), aff'd on opinion below, 436 F.2d 416 (3d Cir.1970) (distinguishing pretrial memoranda from pleadings, which are "generally considered to mean papers such as the complaint, answers, and reply which frame the issues."). Even if the post-trial briefs were "pleadings", they are not necessarily regarded as evidentiary admissions, as our court has recognized. See, e.g., Continental Insurance Co. of New York v. Sherman, 439 F.2d 1294, 1298 (5th Cir.1971) (when inconsistent positions are taken in pleadings in a complicated joinder situation, involving ... the contingent liability of third parties, such pleadings may not be used as evidentiary admissions); Whatley v. Armstrong World Industries, Inc., 861 F.2d 837, 839 (5th Cir.1988) (liberal pleading and joinder rules prevented the use of arguably inconsistent pleadings and discovery as admissions); McNeese v. Reading and Bates Drilling Co., 749 F.2d 270, 274-75 (5th Cir.1985) (district court did not abuse its discretion by refusing to treat as an admission an interrogatory answer which was in the nature of alternative pleading).
 
 
 12
 Plaintiffs finally attempt to distinguish Hardy factually, but they must concede that the only distinction between the appellate briefs in Hardy and the post-trial briefs in this case is that the latter were filed in a trial court. That distinction is not sufficient because both types of briefs are limited to record facts. Their use as admissions engenders the same concerns which prompted Hardy 's rule that appellate briefs are not properly treated as admissions. And as we have noted, statements made in a document, even in a "pleading," are not automatically properly regarded as admissions because the document was filed in a trial court. Procedural context may also prevent the use as admissions of statements made by a party in the trial court. For example, in a motion to transfer venue a defendant may make statements that are not "concessions for all purposes, but merely operating assumptions which must be taken as true in order to resolve [the] collateral issue...." 4 D. Louisell & C. Mueller, Federal Evidence Sec. 425 (1980 ed. & 1990 supp.). Such statements should not later be regarded as an admission by the party. Id.; see also Schneider v. Lockheed Aircraft Corp., 658 F.2d 835, 841-43 (D.C.Cir.1981), cert. denied, 455 U.S. 994, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982) (concession of the existence of an injury only for purpose of arguing third-party motion concerning where injury occurred was not properly treated as evidentiary admission of the existence of an injury). Thus, the fact that the post-trial briefs were filed in a trial court does not require that they be admitted as admissions, and Hardy governs this case. The district court abused its discretion by admitting excerpts from the asbestos manufacturer's briefs into evidence.
 
 
 13
 Although the admission of the post-trial brief excerpts was error, it would not be reversible error unless it affected the manufacturers' substantial rights. Fed.R.Evid. 103(a)(1). Plaintiffs' case rested largely on the future potential worsening of their medical conditions because of asbestos-related diseases. The excerpts read to the jury summarized the testimony of experts in the California insurance litigation about the progressive nature of asbestos-related diseases. These "admissions" appeared both to support plaintiffs' contention that their conditions were going to worsen and to contradict the manufacturers' defense that these plaintiffs were unlikely to contract the diseases in issue. Plaintiffs' counsel admitted at oral argument that this seeming inconsistency in appellants' positions in California and at trial below motivated the jury's generous verdicts. We agree that the admission of the excerpts from the briefs was seriously prejudicial. It was bound to confuse the jury, who would not easily grasp the difference between the proof necessary to establish general insurance coverage for asbestos exposure injuries and that necessary to show whether these plaintiffs' individual conditions had or might progress ineluctably. See Hardy, 851 F.2d at 747. Accordingly, we conclude that appellants' substantial rights were affected by the admission of the post-trial brief.
 
 
 14
 For the foregoing reasons, the trial court's judgments must again be REVERSED, and this case is REMANDED for a new trial.
 
 
 
 [1]
 The first judgment in favor of plaintiff Dartez was reversed in Dartez v. Fibreboard Corp., 765 F.2d 456 (5th Cir.1985). His lawsuit was consolidated on remand with those of the other appellees
 
 
 [2]
 Only one of the four appellants in this case, Fibreboard Corp., filed the post-trial brief in California and the plaintiffs did not offer the excerpts against the other appellants. Plaintiffs argue that since the other appellants did not request a limiting instruction, they have waived their right to challenge the admission of the excerpts. We disagree. Appellants may have waived that specific ground of objection, but all of the appellants objected to the admission of the excerpts on hearsay grounds. Therefore they have not waived their right to challenge the admission of the excerpts as if the post-trial briefs had been filed by all of the appellants
 
 
 [3]
 We note, however, that other courts have shared Hardy's concern. E.g., Kassel v. Gannett Co., 875 F.2d 935, 952 n. 17 (1st Cir.1989) ("We share the reluctance of the Fifth Circuit routinely to treat appellate briefs submitted by a party in one action as evidentiary admissions against that party in another action."); see also Brownko International, Inc. v. Ogden Steel Co., 585 F.Supp. 1432, 1438 (S.D.N.Y.1983) ("Extending the concept of a Rule 801 admission to assertions of this nature in briefs of counsel is not required by the letter or spirit of the rule and would open a veritable Pandora's box....")